## NORTHROP v. BRUSH AND ISAACS.

If a justice of peace does not certify in a binding over for a
secret assault, that the complainant showed his wounds, and
made oath to the facts, it is matter of abatement, and not
demurrable. And if two persons assault another, no witness
being present, both may be joined in the complaint for a private
assault.

THIS was an action on the statute against secret assaults,
wherein it is enacted,— "That if any person shall break the
peace, by secretly assaulting, beating, maiming, wounding,
or hurting another, the person so assaulted and injured, mak-
ing application and complaining to the next assistant or
justice of the peace, showing him what hurt or wounds he
has received thereby; such assistant or justice shall forth-
with grant out a writ to the sheriff of the county, or his
deputy, or constable of the town where such assault shall be
made, commanding them, or either of them, to arrest and
bring before him such person so assaulting, to answer such
complaint; who, upon oath being made against him of such
assault, and of the wounds or bruises thereby received by the
person so assaulted and beaten, shall be bound in a sufficient
bond, etc."

The complaint was, that the defendant, Brush, invited
Northrop to the coffee-house, in New Haven, into a private
room, under the pretense of business, and did there assault
the plaintiff with loaded pistols, etc. That the other defend-
ant, Isaacs, came into the room, and did combine with Brush;
and that they did further assault and beat the plaintiff, no
other person being present.

The justice who bound over the defendants did not certify
that the plaintiff was admitted to his oath, or had discovered
his wounds.

And under a general demurrer two exceptions were taken:

Northrop v. Brush et al.

1. That it did not appear from the process that the plaintiff ever charged the defendants under oath, with the facts complained of, or that he showed his wounds to the justice, which the statute makes necessary to support this kind of action.

2. That the assault complained of was not in its nature such as is intended by the statute; it was committed in a public place, and by a plurality of persons; the plaintiff, therefore, may have his remedy at common law: But,

By the whole COURT. The complaint is sufficient. As to the first exception, that the complainant did not show his wounds, and make oath before the justice; such oath and exhibition were proper evidence for the justice to proceed upon, and the presumption is, they were had, unless there was an admission of the facts to render them unnecessary: It was not necessary for the justice to set forth the evidence he proceeded upon; or if it was, his omission to do it should have been pleaded in abatement. The demurrer goes not to the certainty or regularity of the process, but to the sufficiency of the complaint.

As to the second exception, that it was not a secret assault, because committed by two persons: Two persons may commit an assault jointly; and if it is out of the presence or view of others, it is a secret assault; and although the person assaulted may proceed against one of them in a common action of trespass, and take the other for a witness, yet he is not obliged to pursue that method: One of them alone may be insufficient to repair the damages; and it may also be unsafe for him to rest on the testimony of a person whose malignity had induced him to join in a secret attack upon his person; and it is for the public peace and safety, that both the assailants should be complained of, that they may be punished

criminaliter.   This assault, though made by two persons, is within the statute against secret assault.

Note.— This judgment was afterwards affirmed in the Supreme Court of Errors.